# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-07-CR-090 LY |
| | § | |
| KENNETH MAULTSBY | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on April 26, 2011, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I.  PROCEDURAL BACKGROUND

On December 6, 2007, the Defendant was sentenced by Judge Lee Yeakel to a time-served sentence (which amounted to roughly seven months of imprisonment), and three years of supervised release for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The Defendant's supervision commenced on December 6, 2007. Among other conditions, the Defendant's supervision required that he abstain from the use of alcohol, and attend outpatient treatment for alcohol dependency. The Defendant successfully completed a treatment program in November 2008, and did not incur any violations until March of 2010, when the probation office

conducted a random home visit. At this visit, the officer found numerous empty beer cans scattered over the Defendant's lawn, and two trash bags filled with cans in the bed of the Defendant's truck. When questioned, the Defendant contended that he was collecting the cans to sell, but this was belied by the fact that the officer found the remnants of many beer cans in a fire pit in the Defendant's yard. On March 8, 2010, the Defendant was arrested and charged with felony DWI (he has three prior DWI convictions). As a result of this arrest, the probation office filed its petition alleging that the Defendant had violated his conditions by using alcohol and by committing a new offense. The undersigned ordered the issuance of a warrant on March 12, 2010.

The Defendant did not resolve the state DWI matter until March of 2011, and remained in custody throughout that time. He eventually pled guilty to the DWI charge, and received time served (approximately one year) plus five years of probation. He was then transferred into federal custody based on the warrant in this case, and he made his first appearance on the petition and warrant on April 4, 2011. After a continuance, the Defendant and his attorney appeared before the undersigned Magistrate Judge on April 26, 2011, for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "true" to the charges against him.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant, the material elements of which the Defendant did not object to.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of his supervised release by: (1) consuming alcohol; and (2) by committing a new offense, specifically felony DWI.

## III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade B, and the Defendant's criminal history category is III, resulting in an (advisory) guideline range of 8 to 14 months of imprisonment. The Court has

considered all of the above, and RECOMMENDS that the Defendant be sentenced to 8 months of imprisonment, with no supervised release to follow. (The Court believes that there is no need for additional supervision, as the Defendant will be on probation and supervised through the state system for five years.)

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 28th day of April, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE